IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SEGARS PROPERTIES, LLC; RALPH SEGARS & ASSOCIATES, INC.; AND RALPH SEGARS**, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-4895-L** |
| **US BANK NATIONAL ASSOCIATION; NEWTEK BUSINESS SERVICES, INC.; AURORA COMMERCIAL CORP.; AURORA BANK FSB; CHRISTOPHER W. SCHRAUFF; KYLE DAVIS, LAUREN MUNOZ, AND AMY WHITE,** | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Emergency Motion for Preliminary Injunction (Doc. 7), filed January 3, 2014. Plaintiffs seek to "stop what will be a wrongful foreclosure of a multi-million dollar commercial property" scheduled to take place January 7, 2014, at 10 a.m. Pl.'s Mot. 1. Plaintiffs also request that their motion be set for hearing. For the reasons herein discussed, the court **denies** Plaintiffs' Emergency Motion for Preliminary Injunction (Doc. 7) and **denies as moot** their request for a hearing.

**I.     Background**

This action was originally filed by Plaintiffs on December 3, 2013, in County Court at Law No. 3, Dallas County, Texas, to avoid the foreclosure of the property at issue previously scheduled for December 3, 2013. On the morning of the December 3, 2013 foreclosure, Plaintiffs filed their

**Memorandum Opinion and Order - Page 1**

Original Petition, which included a request for a temporary restraining order and temporary and permanent injunctive relief. Plaintiffs assert claims for breach of contract, conversion, fraud, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). On December 3, 2013, the state court issued a temporary restraining order ("TRO") that halted the foreclosure scheduled for that day from going forward but did not prevent the lender from reposting the property for foreclosure in January 2014. A hearing was set on December 13, 2013, to address Plaintiffs' Application for Temporary Injunction. This hearing was extended by agreement to December 17, 2013, the date the TRO was to expire. On December 16, 2013, Defendants removed the case to federal court. Plaintiffs state in their emergency motion that the property was reposted for foreclosure sale on January 7, 2014, but they do not indicate when they learned that property was rescheduled for foreclosure.

## II.     Standard for Issuance of a Preliminary Injunction or Temporary Restraining Order

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails

**Memorandum Opinion and Order - Page 2**

to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court. *Mississippi Power & Light Co.*, 760 F.2d at 621. Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule. *Mississippi Power & Light*, 760 F.2d at 621.

**III.    Discussion**

In their Emergency Motion for Preliminary Injunction, Plaintiffs recognize and recite the requirements for a preliminary injunction but merely state in conclusory fashion, without any explanation, that all of the requirements have been met. In support of their motion, Plaintiffs submitted the declaration of a records custodian, to which copies of the legal description of the property, the TRO issued by the state court, and an order resetting the December 13, 2013 hearing in state court to December 17, 2013, are attached.

Plaintiffs also submitted the declaration of certified public accountant Jason Rodrigue ("Rodrigue"). Rodrigue states that he submitted franchise tax returns and paid necessary fees on behalf of Segars Properties, LLC ("Segars") to get reinstated with the Texas Comptroller and the Texas Secretary of State. According to Rodrigue, the franchise tax returns and fees were approved by the Texas State Comptroller ("Texas Comptroller"), and he was advised by the Texas Comptroller

that everything is "in order" but, "Due to a backlog, [] the actual piece of paper stating [that] the charter for [Segars] is reinstated will not be issued until January 6, 2013."[*]

Attached to Rodrigue's declaration is a January 3, 2014 Application for Reinstatement and Request to Set Aside Tax Forfeiture, filed by Segars and a Tax Clearance Letter for Reinstatement from the Texas Comptroller, indicating that Segars has met all franchise tax requirements and is eligible for reinstatement through May 15, 2014. Plaintiffs apparently believe that this evidence supports their request for injunctive relief, but they again fail to explain why or how the evidence satisfies their burden of establishing each of the four *Canal* requirements for a preliminary injunction. Accordingly, the court concludes that Plaintiffs have not met their burden of establishing any of the requirements for a preliminary injunction.

The court also questions Plaintiffs dilatory motives for delaying until late in the day on Friday to seek a preliminary injunction to stop a foreclosure scheduled for the following Tuesday morning. Plaintiffs were fully aware and acknowledge that the TRO entered by the state court was scheduled to expire on December 17, 2013, and that it did not preclude Defendants from foreclosing on the property in January 2014. Thus, Plaintiffs should not have been surprised when Defendants provided notice of their intent to foreclose on January 7, 2014. Under the circumstances, Plaintiffs could have and should have filed their emergency motion and request for injunctive relief soon after the case was removed to federal court rather than manufacturing an "emergency" by waiting to the eleventh hour to file their motion. Plaintiffs' decision to wait until the eleventh hour undermines their conclusory assertion that there is a substantial threat that irreparable harm will result if the injunction is not granted. Similarly, assuming that Plaintiffs contend that an injunction is warranted in light of

---

[*] Rodrigue's reference to "January 6, 2013" appears to be a typographical error.

**Memorandum Opinion and Order - Page 4**

a document that is expected to be issued by the Texas Comptroller on January 6, 2014, their unexplained delay in waiting until January 3, 2014, to file Segars' Application for Reinstatement and Request to Set Aside Tax Forfeiture cuts against any such finding and, in any event, is insufficient to satisfy the requirements for a preliminary injunction.

Although Plaintiffs' emergency motion fails to explain the basis for the relief sought or the significance of the evidence submitted in support of the motion, the court has reviewed Plaintiffs' Original Petition ("Petition") and the affidavit of Bart A. Segars in an attempt to ferret out the basis for the motion. After reviewing the Petition and affidavit, it is still unclear to the court why Plaintiffs believe that their late payment of taxes on the property at issue supports their request for injunctive relief. Additionally, Plaintiffs assert in their Petition that they will suffer immediate and irreparable harm and that the alleged injuries cannot be quantified or compensated by money damages. Such assertion, however, is conclusory, and the court disagrees that Plaintiffs cannot be compensated by money damages. The court also determines that Plaintiffs have not demonstrated a substantial likelihood of succeeding on the merits of their claims. Accordingly, the court concludes that Plaintiffs have not satisfied any of the four requirements for a preliminary injunction.

## IV.   Conclusion

For the reasons explained, the court **denies** Plaintiffs' Emergency Motion for Preliminary Injunction and **denies as moot** Plaintiffs' request for a hearing on their motion.

**It is so ordered** this 6th day of January, 2014.

Sam A. Lindsay
United States District Judge